ELECTRONICALLY FILED
2021 Apr 14 PM 4:21
Anthony P. Vivo, CLERK OF COURT - MAHONING

IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO

| | | |
|---|---|---|
| MARK YODER<br>248 Moreland Drive<br>Canfield, OH 44406 | ) )<br>)<br>) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| ADVANCE STORES COMPANY, INC.<br>d/b/a Advance Auto Parts<br>680 Boardman-Canfield Road<br>Boardman, OH 44512 | )<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| Serve Also:<br>National Registered Agents, Inc.<br>4400 Easton Commons Way, Ste 125<br>Columbus, OH 43219 | )<br>)<br>)<br>)<br>) | |
| and, | )<br>) | |
| GREG BARGER<br>680 Boardman-Canfield Road<br>Boardman, OH 44512 | | |
| MARK KWIATKOWSKI<br>680 Boardman-Canfield Road<br>Boardman, OH 44512 | | |
| Defendants. | | |

Plaintiff, Rodney Elkins, by and through undersigned counsel, as his Complaint against the

Defendants, states and avers the following:

### PARTIES AND VENUE

1. Yoder is a resident of the city of Canfield, county of Mahoning, state of Ohio.

2. Advance Stores Company, Inc. ("Advance") is a resident of the state of Ohio.

3. Barger is a resident of the state of Ohio.



2021 CV 00644

**EXHIBIT A**

4. Kwiatkowski is a resident of the state of Ohio.

5. Advance is a corporation for profit with its principal place of business located at 680 Boardman-Canfield Rd., Boardman, Ohio 44512.

6. Advance was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

7. All of the material events alleged in this Complaint occurred in Mahoning County.

8. Therefore, personal jurisdiction is proper over Defendants pursuant to Ohio Revised Code §2307.382(A)(1) and (4).

9. Venue is proper pursuant to Civ. R. 3(C)(3)&(6).

10. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

11. Yoder is a former employee of Advance.

12. Yoder's date of birth is October 12, 1955.

13. Barger did not participate in the decision to hire Yoder.

14. Kwiatkowski did not participate in the decision to hire Yoder.

15. Yoder was hired by Advance in 1997 as a store general manager.

16. In 2004, Yoder was promoted to Commercial Account Manager ("CAM").

17. In 2020 Yoder was working as a CAM when the COVID-19 pandemic began.

18. Due to the COVID-19 pandemic, Yoder's sales numbers saw an expected dip.

19. Yoder's sales numbers were similar to five of the nine other CAM's in his district.

20. Yoder was 65 when the decline occurred.

21. Yoder was significantly older than any other CAM in his district.



22. In September 2020, Greg Barger, the Commercial Sales Manager, and his replacement, Ryan Kwiatkowski, asked Yoder when he planned on retiring.

23. When asked, Yoder explained that he was thinking about his retirement at the end of 2021.

24. Barger and Kwiatkowski asking Yoder about retirement was pretext for termination.

25. On October 4, 2020, weeks after this conversation, Yoder was placed on a Performance Improvement Plan ("PIP").

26. According to Advance, Yoder was placed on the PIP due to the decline in his sales numbers.

27. According to the PIP, Yoder was given 45 days to show improvement in five specific areas.

28. Upon information and belief, Yoder was the only CAM that was placed on a PIP.

29. Upon information and belief, the five younger CAMs with declining sales were not placed on a PIP.

30. Yoder was placed on a PIP because of his age.

31. Advance did not place similarly situated, younger CAMs on PIPs, despite having similar or worse sales numbers.

32. Upon information and belief, Jeff Lowry and Maria Varrati, who are both in their thirties, had worse sales numbers than Yoder.

33. Upon information and belief, Jeff Lowry and Maria Varrati were not put on a PIP.

34. At the time Yoder was placed on the PIP, he was already exceeding his weekly sales call goals and making notes in the system for clients who were eligible for pricing adjustments based on their purchase levels, both of which were items in the PIP.

35. Another item on the PIP was that Yoder was to get stores on Pro Plans, which is one of Advance's customer tracking programs.



36. Yoder was unable to achieve the Pro Plan goal because the District Manager put the stores on a different program.

37. Yoder was unable to achieve the Pro Plan goal because Yoder did not have the authority to force stores to use Pro Plans.

38. Placing Yoder on an unattainable PIP was pretext for termination.

39. On October 9, 2020, five days after the PIP was in place, Barger and Kwiatkowski called Yoder to discuss his progress.

40. On November 9, 2020, two weeks before the PIP was to end, Kwiatkowski called Yoder and told him they were going to terminate his employment.

41. During the November 9, 2020 phone call, Kwiatkowski told Yoder that they needed to get "new blood" in the market.

42. The "new blood" comment was clearly directed at Yoder's age.

43. The "new blood" comment was pretext for termination.

44. At no time between October 9 and November 9, 2020, was the PIP or Yoder's progress discussed.

45. On November 20, 2020, Kwiatkowski called Yoder and told him that his employment was terminated.

46. Advance terminated Yoder because of his age.

47. Advance terminated Yoder because he was coerced into discussing his retirement.

48. Advance terminated Yoder after placing him on a PIP that was unattainable.

49. Advance terminated Yoder because they wished to get "new blood" in the market.

50. Advance terminated Yoder and did not terminate similarly-situated, younger CAMs with similar performance.



## COUNT III: AGE DISCRIMINATION IN VIOLATION OF O.R.C. § 4112.01 et seq.

51. Yoder restates each and every prior paragraph of this complaint, as if it were fully restated herein.

52. Yoder is 65 years old.

53. At all times relevant, Yoder was a member of a statutorily-protected class under R.C. §4112.14(B).

54. Defendants treated Yoder differently from other similarly situated employees based on his age.

55. As of November 20, 2020, Yoder was fully qualified for his position and employment with the Defendants.

56. Yoder, at age 65, was a member of a statutorily-protected class under R.C. § 4112.14(B) at the time he was terminated from her employment with the Defendants.

57. Yoder was terminated from his employment on or around November 20, 2020.

58. After terminating Yoder, the Defendants replaced Yoder with a person who was significantly younger and/or not belonging to the protected class under R.C. §4112.14(B).

59. The Defendants violated R.C. §4112.02 and R.C. § 4112.99 by discriminating against Yoder based on his age.

60. Yoder suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

61. As a direct and proximate result of the Defendants' conduct, Yoder suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### DEMAND FOR RELIEF

WHEREFORE, Yoder demands from Defendants the following:



(a) Issue an order requiring Advance to restore Yoder to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Yoder for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys fees and non-taxable costs for Yoder claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

         Respectfully submitted,

         _____
         Brian D. Spitz (0068816)
         Andrew D. Pappert (0093964)
         **THE SPITZ LAW FIRM, LLC**
         25200 Chagrin Boulevard, Suite 200
         Beachwood, OH 44122
         Phone: (216) 291-4744
         Fax:  (216) 291-5744
         Email: brian.spitz@spitzlawfirm.com
                drew.pappert@spitzlawfirm.com

         *Attorneys For Plaintiff*



## JURY DEMAND

Plaintiff Mark Yoder demands a trial by jury by the maximum number of jurors permitted.

_____

Andrew D. Pappert



